UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY RABITO | CIVIL ACTION |
| VERSUS | NO. 06-1584 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.* | SECTION B(3) |

### ORDER AND REASONS

Before the Court is St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 47) and State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 50). For the following reasons,

**IT IS ORDERED THAT** St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 47) is **GRANTED** and State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 50) is **DENIED.**

*BACKGROUND*

This action arises out of a motor vehicle bicycle collision. Ervin Nordmann was adjusting claims pursuant to a work agreement with Pilot Catastrophe Services, Inc. While driving his personal vehicle in the course and scope of his employment with Pilot, Nordmann struck Plaintiff on his bicycle while Nordmann was backing up in his pick-up truck.

The truck being driven by Nordmann was owned by him and was insured by State Farm Mutual Automobile Insurance Company ("State Farm") with a policy of personal primary automobile liability insurance in the amount of $250,000.00. Nordmann also carried a personal umbrella policy with State Farm that provided him an additional $1,000,000.00 liability coverage above primary liability limits. At all times material, Nordmann was domiciled in Alabama and his policies of insurance were issued in Alabama. Pilot Catastrophe Services, Inc.,

an Alabama corporation, had a standard CGL insurance policy issued by St. Paul Fire and Marine Insurance Company ("St. Paul") with an automobile addendum with limits of $1,000,000.

A dispute exists between the insurers of Ervin Nordmann and Pilot Catastrophe Services, Inc. as to what coverages are provided by the respective policies, to whom and the order in which they apply. The parties agreed to tentatively settle the matter for $385,000.00, inclusive of all costs and interest. It was later agreed by the parties that State Farm would pay the first $250,000.00 of the settlement under the automobile liability policy it issued to Nordmann and that St. Paul would pay the remaining $135,000.00 of the settlement. As between State Farm Fire and St. Paul, the parties reserved the right to have the Court decide the issue of ranking the excess policy and the umbrella policy by cross motions for summary judgment. Also reserved by St. Paul is the right to seek contribution from State Farm Fire of any sums owed for the $135,000.00 excess settlement figure above the $250,000.00 payment. After receiving both St. Paul and State Farm's motions for summary judgment, the Court invited further briefing on the applicability of *Independent Fire Insurance Co. v. Mutual Assurance, Inc.*, 553 So. 2d 115 (Ala. 1989), to this case.

## *LAW AND ANALYSIS*

Apparently, the parties do not dispute that the State Farm primary policy should pay its primary limits of $250,000.00 on behalf of its main insured, Ervin Nordmann, and on behalf of Pilot Catastrophe Services, Inc. However, regarding the $135,000 excess, St. Paul contends that State Farm's umbrella policy should pay the remaining liability up to the limits of its umbrella policy for the tortious acts of its insured, Ervin Nordmann. St. Paul urges that Pilot Catastrophe

Services, Inc. can only be liable in this case vicariously for the acts of its employee, Ervin Nordmann; therefore, its insurer should not have to pay until all liability limits of the tortfeasors' carriers are expended.

State Farm contends, however, that after payment of the primary limits, the St. Paul policy should pay up to its limits before the umbrella policy should be required to pay any proceeds under that policy. State Farm argues that the ranking of an excess policy for a non-owned vehicle and a personal umbrella policy has been decisively resolved by the Alabama Supreme Court and that umbrella policies in Alabama are considered policies of "last resort" and are always ranked behind all other collectible insurance. Finally, State Farm argues that St. Paul may have inadvertently waived its right to seek reimbursement under the "voluntary payment" doctrine applicable under Alabama law. The parties are in agreement that the Court must apply Alabama law to resolve the above issues.

The St. Paul policy expressly provides coverage only to Pilot, Nordmann's employer, and that it expressly excludes Nordmann himself. On page 5 of 10 of the policy under the section entitled "Who is Protected Under This Agreement," the policy states, "[h]owever, we won't consider the following to be a protected person . . . [a]n employee of yours . . . if the covered auto is owned by that employee . . . ." It is undisputed that the automobile involved in the accident was owned by Nordmann. Therefore, it appears that although Nordmann was acting in the scope of his employment with Pilot, the State Farm policy is the only policy that provides coverage for the incident at issue.

State Farm cites the Alabama Supreme Court case *Independent Fire Insurance Co.*

*v. Mutual Assurance, Inc.*, 553 So. 2d 115 (Ala. 1989), as support for the majority view that, in situations involving competition between a primary policy containing an excess clause and an umbrella policy, the umbrella policy is one of last resort.  However, the primary policy in this case was issued by State Farm.  More importantly, the St. Paul policy excludes coverage to employees driving their personally owned vehicles.  If the St. Paul policy provided coverage State Farm would likely be correct in its assertion that the umbrella policy would trump the excess clause contained in the St. Paul policy and only cover losses after its limits were exhausted.

In *Independent Fire*, James Bennett, the permissive user of his father's motor boat, injured a third party and was sued. The boat owner, William Bennett (father), was also sued. The boat owner's liability policy paid its limits of $300,000.00 to plaintiff, who then sued the primary insurer of the boat operator and the umbrella carrier of the boat owner.  The court had to determine the order of payment between the operator's primary policy, which was treated as a non-owned vehicle policy, and the owner's umbrella policy.  It found that the operator's primary liability insurer should pay before the vicariously liable owner's umbrella policy should pay.

Unlike the facts presented to the court in *Independent Fire*, the St. Paul policy provides no coverage to Nordmann in this situation.  Therefore, it is irrelevant whether the State Farm umbrella policy trumps the excess clause contained in the St. Paul policy.

In addition, State Farm asserts that St. Paul may have waived its right to seek reimbursement under the "voluntary payment" doctrine as per the decision of *Mt. Airy Insurance Co. v. Doe Law Firm*, 668 So. 2d 534 (Ala. 1995).  In *Mt. Airy*, the Alabama Supreme Court held that, under the doctrine of "voluntary payment," a professional liability insurer could not obtain

reimbursement from its insured (a law firm) for a payment it made to the insured to settle a third party's malpractice claim against the insured, even if it were determined that the policy did not provide coverage for the alleged malpractice claim.  The court noted that it is the law in Alabama that where one party, with full knowledge of all facts, voluntarily pays money to satisfy the colorable legal demand of another, no action will lie to recover such a voluntary payment in the absence of fraud, duress, or extortion.

*Mt. Airy*, however, is inapplicable to the facts of this case.  Unlike the insurer in *Mt. Airy*, St. Paul is not seeking reimbursement from its insured (Nordmann) for a payment St. Paul made to Nordmann to settle a third party's (Rabito's) claim against Nordmann.  Rather, St. Paul is seeking reimbursement from another insurer, State Farm, arguing that the State Farm policy is the only policy at issue which provides coverage to Nordmann under the facts of this case.  The Court agrees.  Accordingly,

**IT IS ORDERED THAT** St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 47) is **GRANTED** and State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 50) is **DENIED.**

New Orleans, Louisiana, this 19th day of July, 2007.

IVAN L.R. LEMELLE
UNITED STATES JUDGE